UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ovidio D.,

         Petitioner,

v.

PAMELA BONDI, *Attorney General*;
KRISTI NOEM, *Secretary, U.S.
Department of Homeland Security*; TODD
M. LYONS, *Acting Director of
Immigration and Customs Enforcement*;
DAVID EASTERWOOD, *Acting Director,
St. Paul Field Office Immigration and
Customs Enforcement*; EXECUTIVE
OFFICE FOR IMMIGRATION REVIEW;
JOEL BROTT, *Sheriff of Sherburne
County Sheriff*,

         Respondents.

No. 26-cv-1834 (KMM/SGE)

**ORDER**

This matter is before the Court on Petitioner Ovidio D.'s Petition for a Writ of Habeas Corpus. (Dkt. 1.) For the reasons discussed below, the Petition is granted.

**BACKGROUND**

Ovidio D. is a resident of St. Paul, Minnesota, and a citizen of Honduras. (*Id.* ¶ 13.) He has lived in the United States since approximately 2016. (*Id.*) On March 3, 2026, Immigration and Customs Enforcement (ICE) agents arrested Ovidio D. while he appeared for a scheduled court hearing. (*Id.* ¶ 16.) There is no evidence that he was shown any warrant at the time of his arrest. On March 11, 2026, Ovidio D. filed the habeas petition

1

that is presently before the Court. As of the date of this Order, it appears that Ovidio D. is being held at the Sherburne County Jail. (*See* Dkt. 5-1 at 2 ¶ 2.)

On March 12, 2026, the Court issued an Order to Show Cause (OSC) requiring Respondents to answer the petition by no later than 12:00 PM on March 15, 2026. (Dkt. 3 ¶ 1.) Relevant here, the OSC required Respondents to "certify[] the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted," including their "view as to whether Petitioner's arrest by immigration authorities was made pursuant to a judicial or administrative warrant." (*Id.* ¶¶ 1, 2(d).) Respondents filed a timely response. (Dkt. 5.)

## ANALYSIS

A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

This case is one of many filed in recent months in this district challenging the unlawful detention of aliens who are already in the United States. In their response to the petition, Respondents assert that Ovidio D. is subject to detention under 8 U.S.C. § 1225(b)(2)(A). (Dkt. 5 at 1.) This Court has previously held that, because aliens residing within the United States are not "seeking admission" within the meaning of

§ 1225(b)(2)(A), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The majority of courts to have considered these issues have reached the same conclusion. Although the Fifth Circuit recently agreed with Respondents' reading of § 1225(b)(2), the Seventh Circuit has reached a different conclusion. *Compare Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *4–10 (5th Cir. Feb. 6, 2026), *with Castañon-Nava v. DHS*, 161 F.4th 1048, 1061 (7th Cir. 2025). Respondents' position is that the cases representing the majority view were wrongly decided and point out that the issue is currently pending before the Eighth Circuit in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025).

Although the Court has considered the arguments raised by Respondents, and reviewed the authority cited in this and in other cases, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the majority of courts to have considered the matter. Of course, these issues are complex, and Respondents' arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Ovidio D. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

Respondents also argue that Ovidio D.'s petition should be denied because he "has voluntarily agreed to return to his home country of Honduras" by signing a Form I-826. (Dkt. 5 at 1; *see also* Dkt. 5-1 at 2–3.) However, they do not explain their argument or provide any legal authority to support it. In fact, it appears that in at least one other case in

this District, a court has concluded that a voluntary departure agreement does not change the analysis. *Cf. Carlos D. v. Bondi*, No. 26-cv-1666 (ECT/LIB), 2026 WL 636685 (D. Minn. Mar. 6, 2026).

Nor is there a valid basis for Ovidio D.'s detention under 8 U.S.C. § 1226(a). The issuance of a valid warrant is a prerequisite to even discretionary detention under § 1226(a). *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (citing cases). In *Ahmed M.*, the petitioner had been arrested without any such warrant having been issued and, therefore, the appropriate remedy was immediate release rather than a detention hearing. *Id.*; *see also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (D. Minn. Jan. 12, 2026) (Order (Dkt. 8)) (same). The same is true here. Respondents point to neither a valid warrant supporting the applicability of § 1226(a) to Ovidio D, nor any other statutory basis for a bond hearing, so immediate release is required. Therefore, the Court concludes that immediate release is the appropriate remedy.

### ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Ovidio D.'s Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Ovidio D. **with no new conditions and no later than 5:00 p.m. on March 22, 2026**.

4. Upon Ovidio D.'s release, Respondents must return **all of his personal effects seized during his arrest, including but not limited to immigration**

4

**paperwork**. His property must be returned in the same condition as it was in at the time he was arrested.

5.  Finally, the Court **ORDERS** Respondents to file a notice within 24 hours of Petitioner's release, specifying the date, time, and location of his release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: March 20, 2026                                      *s/Katherine M. Menendez*
                                                          Katherine M. Menendez
                                                          United States District Judge

5